

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 27 2001

JAMES W. McCORMACK, CLERK
By:_____
             DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CURTIS A. JOHNSON, III**                                    **PLAINTIFF**

VS.                            No. 4-01-CV-00245 SMR

**WAL MART STORES, INC.**                                     **DEFENDANTS**

## COMPLAINT

Comes now the above-named plaintiff, by and through his attorney, Rickey H. Hicks, and for his complaint for violation of his civil rights, state the following:

This case assigned to District Judge Reasor
and to Magistrate Judge. _____ Ray

I

## NATURE OF CLAIM

1.  This is an action to redress employment discrimination based on race in violation of 42 U.S.C.§ 1981 as amended, 42 U.S.C. §2000e et. seq and under the Arkansas Civil Rights Statutes, Codified at Ark. Code Ann. §16-123-101 et. seq and violation of the terms, conditions and privileges of plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, 421 U.S.C. §2000e-2(a)(1); to award plaintiffs compensatory and punitive damages based upon defendant's deliberate and wilful violation of 42 U.S.C. §1981 and 42 U.S.C.§2000 et. seq and to award plaintiff's costs, attorney's fees and any other relief to which he would be entitled had he not been a victim of racial discrimination.

II

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked under U.S.C. §1343(3) and (4) to secure relief authorized by 42 U.S.C.§1981; and 42 U.S.C. §2000(e) et seq, also known as the Civil

Rights Act of 1964 and 29 U.S.C.§§22601 et seq. Plaintiff seeks also a declaratory judgement under 28 U.S.C. §§2201 and 2202 declaring the defendants have discriminated against plaintiff in the terms and conditions of his employment. Plaintiff further seeks injunctive relief to avoid future retaliation for filing of this complaint. Plaintiff is a resident of Pulaski County and defendant does business in Pulaski County.

### III

### PROCEDURAL REQUIREMENTS

3.  Plaintiff Curtis A. Johnson, III filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") dated October 27, 2000 (see exhibit) and has since received a Notice of Right to Sue letter dated February 1, 2001.

4.  Plaintiff now comes instituting this civil action in the appropriate Federal District Court within ninety (90) days of the receipt of said Notice of Right to Sue.

### IV.

### ALLEGATIONS

5.  Plaintiff is a current employee of the defendant and is now employed at the Wal-Mart Store in Hot Springs, Arkansas. Plaintiff is an African American who worked in various areas of the Wal Mart Loss Prevention Division and plaintiff, upon information and belief, has worked in a position in which defendants have failed, or refused, to accord him the same or similar treatment as white employees, similarly placed, in the areas of hiring, training, opportunities to transfer, promotion, opportunities for upward mobility, compensation and other terms and conditions of employment.

5.  The plaintiff asserts that he has been subjected to racial slurs, comments, innuendos and

other forms of race discrimination which has created a hostile work environment

6. The question of law common to the above described plaintiff is whether or not the training, transfer, promotion, compensation, disciplinary procedures, hiring practices, initial assignments and other terms and conditions of employment of the defendants deprived the plaintiff of civil rights secured to him by the laws of the United States of America and of the State of Arkansas by denying him beneficial working conditions granted to similarly situated white employees.

7. Plaintiff was transferred to an area commonly known for its hostility towards minorities and such hostility was exhibited towards plaintiff by the district manager and the personnel manager upon immediate entry of plaintiff to new work site.

8. Plaintiff was assigned a disproportionately high number of stores to monitor yet held to the same standards of comparatively placed personnel with a lower number of stores.

9. Plaintiff made upper level supervisors and store executives aware of the racially biased treatment he and other African American workers and customers received from various store managers but no corrective actions were taken.

10. White employees who received "performance coaching" were given minor reprimands and promoted within short periods of time after said coaching while African Americans were terminated or demoted for lesser infractions.

11. Defendants denied plaintiff an opportunity to transfer out of area but allowed previously disciplined white employees to transfer and to receive promotions.

12. The defendants have acted with extreme prejudice and disparate treatment towards plaintiff and in some cases, have engaged in retaliatory actions, thereby making appropriate injunctive and declaratory relief proper.

## VI

### DEFENDANTS

13. Defendant Wal-Mart Stores, Incorporated is an international corporation whose home office is located in Bentonville, Arkansas. The defendants are employers within the meaning of 42 U.S.C. §2000e(b). The corporation employs more than 500 individuals.

## VII

### STATEMENT OF CLAIMS

14. Plaintiff alleges that the defendants named herein maintained a pattern and practice of discrimination in employment on the basis of race which was carried out by its district, regional and upper management staff. As a part of that pattern and practice, the defendant:

   (a) Fails to maintain a promotion and transfer policy based on objective job-related criteria that is uniformly applied to African-Americans and whites.

   (b) Exhibits disparate treatment toward African-American in application and enforcement of evaluation and disciplinary policies.

   (c) Fails to transfer and promote qualified African-American employees because of their race.

   (d) Places a higher proportion of white employees in executive managerial and professional positions than African-American employees who are equally or better qualified for such positions.

   (e) Hires whites initially at higher salaries and to jobs with better opportunities for promotion, transfer and advancement than African-Americans.

- (f) Discharge and/or demote African-Americans disproportionately to whites and for reasons that similarly situated whites are not terminated or demoted; often done in a subjective manner by white managers.

- (g) Have created a work environment that is derogatory, degrading and hostile to African-American.

- (h) Maintains a work atmosphere permeated with favoritism and intimidation; unprofessionalism and maintains an atmosphere which generally discourages African-Americans from pursuing EEOC grievances.

## VIII

## RELIEF

15. Wherefore, plaintiff respectfully request that this Court rule that:

16. A judgement declaring that the acts and practices of the defendants are in violation of the laws plead herein.

17. Issue a permanent injunction

    - (a) Requiring defendants to abolish race discrimination and disparate treatment within and among its different divisions and positions.

    - (b) Require defendants to accord plaintiff with salary, responsibilities and assignments commensurate with previous position and qualifications.

    - (c) Require defendants to make prospective and retrospective monetary awards to plaintiff.

    - (d) Require defendants to cease the use of biased criteria for promotion, personnel evaluation, transfer and work assignments that have a different impact on job performance by African-Americans than on whites similarly placed.

(e) Require defendants to refrain from any retaliatory actions which affect the current employment, promotions, transfer or any other employee benefits or rights to which plaintiff is entitled under the United States Constitution and the State of Arkansas Constitution.

18. Award full back pay, interest thereon and other lost benefits to plaintiff for his discriminatory demotion.

19. Award plaintiff's compensatory and punitive damages.

20. Award attorney's fees and costs

21. Plaintiff request a trial by jury.

Respectfully submitted,

*Rickey H. Hicks*

Rickey H. Hicks #89-235
Attorney for Plaintiff
1100 N. University Ave., Ste 240
Little Rock, Arkansas 72207

### CERTIFICATE OF SERVICE

I, Rickey H. Hicks, do hereby certify that a copy of the foregoing complaint was served on defendant by certified U.S. Mail, postage prepaid to Robert K. Rhoades at 702 S.W. 8th Street, Bentonville, Arkansas, 72712, on this 27th day of April, 2001 in Little Rock, Arkansas.

*Rickey Hicks*